IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NOEL JAY WHITELEY,                    ) | |
| ) | Case No. CV 04-0182-S-LMB |
| Petitioner,               ) | |
| ) | |
| v.                                              ) | **MEMORANDUM DECISION** |
| ) | **AND ORDER** |
| JEFF CONWAY, Warden of the          ) | |
| Idaho Correctional Center,            ) | |
| ) | |
| Respondent.              ) | |
| _____ ) | |

Currently before the Court in this habeas corpus matter is Respondent's Motion for

Summary Judgment. (Docket No. 43.) Petitioner has responded to the Motion, and both

parties have consented to the jurisdiction of a United States Magistrate Judge to enter

final orders, in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure

73. (Docket Nos. 11 & 12.)

The Court concludes that oral argument on the Motion is unnecessary, and the

Court will decide the matter on the basis of the written record and the briefing. *See* D.

Idaho L. Civ. R. 7.1(d). Accordingly, and for the reasons set forth herein, the Court

enters an Order granting Respondent's Motion.

# I.

## BACKGROUND

In 1997, the State of Idaho charged Petitioner by Information with one count of

**Memorandum Decision and Order - 1**

first-degree murder and one count of burglary, alleging that Petitioner strangled his acquaintance Angela Eggers to death and then entered her pickup with the intention of committing a theft. *See State's Lodging of the State Court Record A-1*, p.37. Petitioner subsequently agreed to plead guilty in exchange for the State's agreement to reduce the first-degree murder charge to second-degree murder, which would remove the death penalty from consideration, and to dismiss the burglary count. *State's Lodging A-1*, pp. 119-120; *State's Lodging A-3*, pp. 96-119. The trial court accepted Petitioner's plea and sentenced him to life in prison, with the first twenty-four years fixed. *State's Lodging A-1*, p. 130-134. Petitioner appealed the sentence, which was affirmed by the Idaho Court of Appeals. *State's Lodging B-3*.

In 2000, Petitioner filed a Petition for Post-Conviction Relief in state district court, claiming that his attorneys were constitutionally ineffective for, among other things, failing to adequately investigate the case and for coercing Petitioner to plead guilty. *State's Lodging C-1*, pp.4-16, 34-38. Following a hearing, the district court dismissed the petition. *State's Lodging C-1*, pp. 48-56. Petitioner filed a notice of appeal, but the appeal was later dismissed at his request. *State's Lodging D-2*.

In May 2001, Petitioner filed a motion to withdraw his guilty plea in state district court alleging, for the first time, that his guilty plea was invalid because the trial court failed to advise him of the constitutional rights that he would waive by pleading guilty, in violation of Idaho Criminal Rule 11(c)(3) and due process of law. *State's Lodging E-1*, pp. 18-21, 43-44. Petitioner specifically asserted that the trial court did not mention, on

**Memorandum Decision and Order - 2**

the record, that by entering a guilty plea Petitioner would waive his right to a jury trial,

his right to cross-examination, and his privilege against self-incrimination.  *State's

Lodging E-1*, pp. 43-47.  The state district court heard oral argument on the matter and

thereafter denied the claim.  *State's Lodging E-1*, pp. 60-61.  The district court

determined that although the trial court did not advise Petitioner of his rights on the

record, this failure amounted to a technical  error on the facts of the case, and that, in any

event, Petitioner was actually aware of the rights that he was waiving.  *State's Lodging E-
1*, pp. 56-57, 60.

On appeal, instead of addressing the merits, the Idaho Court of Appeals held that

the lower court was without jurisdiction to hear the motion in the first instance because

Petitioner had filed it late.  *State's Lodging F-10*, p. 3.  Petitioner requested the Idaho

Supreme Court to review the Court of Appeals' decision, which was denied.  *State's

Lodgings F-12, F-13, F-14.*

Petitioner filed a Petition for Writ of Habeas Corpus in this Court on April 9, 2004,

which he later amended.  Petitioner's only claim to survive summary dismissal is an

allegation that his constitutional right to due process of law was violated because his

guilty plea to second-degree murder was not knowing, intelligent, and voluntary.  *See

Amended Petition*, p. 2.  Specifically, Petitioner alleges that he was unaware of the

constitutional rights that he waived when he pled guilty.  *Amended Petition*, pp. 3-5.

Respondent has now filed an Answer to the Amended Petition and a Motion for

Summary Judgment over this claim.  Petitioner has filed a response, and the matter is now

**Memorandum Decision and Order - 3**

ripe for decision.

## II.

## STANDARD OF LAW

A.    <u>Habeas Standards</u>

Petitioner initiated the current action after the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA).  The AEDPA established a deferential standard of review that a federal habeas court must apply to a state court's adjudication of federal constitutional claims.  *See* 28 U.S.C. § 2254(d).  The restrictive standard of review is triggered only when a state court has "adjudicated" the particular constitutional claim "on the merits."  *Lambert v. Blodgett*, 393 F.3d 943, 965 (9th Cir. 2004).  Though the state district court in this case resolved a similar claim regarding the validity of Petitioner's guilty plea as a matter of state procedural law, no state court has squarely adjudicated Petitioner's federal constitutional claim on the merits.  *See State's Lodging E-1*, pp. 53-54.  Therefore, the Court shall independently determine the ultimate legal question before it.  *See Pirtle v. Morgan*, 313 F.3d 1160, 1167-68 (9th Cir. 2002).

However, other provisions of AEDPA are still applicable to this proceeding, including the requirement that any relevant state court findings of fact are presumed to be correct, unless the petitioner rebuts that presumption by clear and convincing evidence. *Pirtle*, 313 F.3d at 1168 (*citing* 28 U.S.C. § 2254(e)(1)).  A petitioner is likewise not entitled to present new evidence in a habeas proceeding unless he demonstrates that he was diligent in attempting to develop that evidence in state court and was unable to do so,

**Memorandum Decision and Order - 4**

or he can show that his case falls within one of the narrow exceptions to the prohibition on evidence development in federal court. *See* 28 U.S.C. § 2254(e)(2); *see also Williams v. Taylor*, 529 U.S. 420, 432 (2000).

     B.    <u>Due Process Requirements for Guilty Pleas</u>

To comply with the due process clause of the Fourteenth Amendment, a defendant must enter a knowing, intelligent, and voluntary plea under all of the circumstances. *See North Carolina v. Alford*, 400 U.S. 25, 31 (1970). Voluntariness depends upon a full understanding of the direct consequences of the guilty plea. *Brady v. United States*, 397 U.S. 742, 755 (1970). Because a guilty plea necessarily entails the waiver of certain fundamental constitutional rights, including the right to trial by jury, the right to cross-examination, and the privilege against self-incrimination, the record must affirmatively demonstrate that the defendant relinquished these rights knowingly and voluntarily. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). A state court's failure to advise the defendant of his constitutional rights during a change of plea hearing does not violate due process of law if the record as a whole otherwise reveals that the defendant knowingly and voluntarily waived his rights. *Wilkins v. Erickson*, 505 F.2d 761, 763 (9th Cir. 1974).

**III.**

**DISCUSSION**

Petitioner contends his guilty plea to second-degree murder cannot withstand Fourteenth Amendment scrutiny. In particular, he alleges that had he been aware of his rights to trial by jury and to confrontation, and had he been aware of his privilege against

**Memorandum Decision and Order - 5**

self-incrimination, he would not have pled guilty and would have insisted on exercising those rights.  *Amended Petition*, pp. 2-5.

While no state court has reviewed Petitioner's guilty plea as a matter of federal constitutional law, the state district court addressed the closely related question of the validity of Petitioner's guilty plea under state law.  *State's Lodging E-1*, pp. 48-61.  In reaching its conclusion that the process surrounding the entry of Petitioner's plea was not flawed, the state district court found, as a factual matter, that although the trial court failed to mention the three specific constitutional rights on the record during the plea colloquy, the record otherwise revealed that Petitioner understood that he waived his constitutional rights by pleading guilty.  *State's Lodging E-1*, pp. 56-57, 60.  This Court has independently reviewed the record and agrees.

At Petitioner's initial appearance in magistrate court, Petitioner reviewed and signed a "statement of rights" form that notified him, among other things, of his rights to counsel, jury trial, cross-examination, compulsory process, and against compelled self incrimination.  *State's Lodging E-1*, pp. 48-49; *State's Lodging E-5*.  Though neither the statement of rights form nor the magistrate judge informed Petitioner what would happen if he pled guilty, he was clearly aware of these particular rights early in the state court proceedings, and he actually exercised his right to confrontation at both the preliminary hearing and at the suppression hearing.  *State's Lodgings A-2 & A-3*.

The record further supports a finding that Petitioner's counsel independently informed him of his constitutional rights.  At Petitioner's arraignment, in response to the

**Memorandum Decision and Order - 6**

district court's questioning, counsel indicated that he had spoken with Petitioner about his rights and options regarding "tendering a plea."  *State's Lodging E-6*, pp. 5-6.  During collateral proceedings in state court, counsel submitted an affidavit in which he claimed that it was his general custom to speak with his clients about all of their rights and defenses.  *State's Lodging E-4*, ¶ 4.  Counsel further claimed that in this specific case he had informed Petitioner of the "consequences" of entering a guilty plea and that such a plea would eliminate the need for a jury trial with witnesses.  *State's Lodging E-4*, ¶ 8.  It was counsel's opinion that Petitioner understood that he would be admitting his guilt to second-degree murder and, as a result, that there would be no trial.  *State's Lodging E-4*, ¶ 9.  It is additionally clear from the record that Petitioner received a benefit from pleading guilty to the lesser charge, as death penalty was no longer applicable, and Petitioner acknowledged that he pled guilty because he "committ[ed] the crime."  *State's Lodging A*-3, p. 102.  Consequently, there is no reason to doubt that counsel performed adequately and advised Petitioner of all of his options, including the effect that a guilty plea would have on his associated trial rights.  *Cf. Marshall v. Lonberger*, 459 U.S. 422, 437 (1983) (noting that defense counsel is presumed to have informed the defendant of the nature of the charges against him).

Finally, despite the fact that he was only twenty years old at the time of this offense, Petitioner was far from a novice facing the complexities of the criminal justice system for the first time.  *See Parke v. Raley*, 506 U.S. 20, 37 (1992) (prior experience in the criminal justice system is relevant to determining whether a defendant knowingly

**Memorandum Decision and Order - 7**

waived his rights).  Petitioner had several brushes with the law as a juvenile, including arrests for assault and battery, at least one of which led to an adjudication.  *State's Lodging A-4*, pp. 8-9.  After reaching adulthood, he continued to engage in criminal activity, and he had only recently gone through the process of entering a guilty plea to a different felony charge when he committed the current offense.  *State's Lodging A-4*, p. 9.

Based upon the foregoing, the record affirmatively shows that Petitioner was, in fact, aware of his constitutional rights and that he further understood that those rights were waived upon entering a guilty plea.  The legal conclusion necessarily follows: Petitioner's guilty plea to second-degree murder was knowing, intelligent, and voluntary, satisfying the requirements of due process of law.

In an effort to avoid this result, Petitioner has come forward with an affidavit in which he contends, for the first time under oath, that he was actually unaware of his rights when he pled guilty.  *See Amended Petition*, p. 30; *Affidavit in Support*, p. 3.  Petitioner did not present this evidence in state court, and his attempt to create factual dispute in federal court runs afoul of the AEDPA standards on fact development contained in 28 U.S.C. § 2254(e).

On its face, Petitioner's assertion is not clear and convincing evidence that rebuts the state court's contrary findings of fact, which were based upon a careful examination of the record.  28 U.S.C. § 2254(e)(1).  Nor is Petitioner entitled to an evidentiary hearing to develop the evidence in greater detail.  28 U.S.C. § 2254(e)(2).  Petitioner chose to argue in state court that the trial court's mere failure to mention the rights on the record

**Memorandum Decision and Order - 8**

amounted to reversible error.  This appears to have been a strategic decision; when the state district court pressed Petitioner's counsel during oral argument whether he must show some prejudice in order to prevail–that is, that he must show, for example, that "[Petitioner] didn't know that if [he] pled guilty that [he] wouldn't have a trial"–counsel claimed that he did not need to do so, instead calling for the application of a "bright line" rule.  *State's Lodging E-2*, pp. 16-21.  Accordingly, Petitioner had the opportunity to present evidence of prejudice, as defined by the state court, but he chose not to do so. Petitioner failed to develop this additional factual basis in state court, and because it could have been presented at that time, he is not entitled to make an end run around the state court and develop the evidence in federal court.  28 U.S.C. § 2254(e)(2)(A)(ii).

For all of these reasons, the second claim in the Amended Petition shall be denied.

# IV.

# ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Summary Judgment (Docket No. 43) is GRANTED.

IT IS FURTHER ORDERED that Petitioner's second claim in his Amended Petition for Writ of Habeas Corpus is DENIED.  Because no claims remain to be adjudicated, this case is DISMISSED with prejudice.

DATED:  **September 14, 2005**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**Memorandum Decision and Order - 9**