IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NOEL JAY WHITELEY, ) | |
| ) | |
| Petitioner, ) | Case No. CV 04-0182-S-LMB |
| ) | |
| v. ) | **ORDER RE: CERTIFICATE** |
| ) | **OF APPEALABILITY** |
| JEFF CONWAY, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

In this habeas corpus matter, this Court dismissed Petitioner's first claim and then subsequently granted summary judgment to Respondent on the second claim. (Docket Nos. 39 & 52.) Final judgment has been entered, and Petitioner has now filed a Notice of Appeal and a Request for Certificate of Appealability. (Docket Nos. 54 & 57.) Having considered the request, and the record in this case, the Court concludes that it will not certify an appeal.

**I.**

**STANDARD OF LAW**

A habeas petitioner who has been denied relief cannot appeal unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A court will issue a certificate only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a petition or claims

**ORDER RE: CERTIFICATE OF APPEALABILITY  - 1**

within a petition on procedural grounds, the petitioner must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). When the court has denied a petition or claims within a petition on the merits, the petitioner must show that reasonable jurists would find the court's decision on the merits to be debatable. *Slack,* 529 U.S. at 484 (2000). The standard "requires an overview of the claims in the habeas petition and a general assessment of their merits," but the court need not determine that the petitioner would prevail on appeal. *Miller-El*, 537 U.S. at 336.

## II.

## DISCUSSION

Petitioner's two claims in this case focused on the trial court's failure to advise him of the constitutional trial rights that he waived upon entering a guilty plea to second degree murder. In his first claim, Petitioner contended that the trial court's failure to advise him of these rights on the record violated Idaho Criminal Rule 11(c) and constitutional due process of law, automatically requiring reversal of his conviction. In his second claim, Petitioner alleged that his guilty plea was involuntary because he was actually unaware of the rights that he waived at the time that he entered his plea.

With respect to the first claim, the Court noted that Petitioner's reliance on Idaho Criminal Rule 11(c) presented a question of state law that was not cognizable on habeas review. (Docket No. 39, p. 6.) The Court next determined that a state court's failure to

**ORDER RE: CERTIFICATE OF APPEALABILITY  - 2**

recite a defendant's constitutional rights on the record during a plea colloquy does not violate constitutional due process of law as long as Petitioner otherwise entered a knowing, intelligent, and voluntary plea under all of the circumstances. (Docket No. 39, pp. 6-7.) In reaching this conclusion, the Court relied upon *Wilkins v. Erickson*, 505 F.2d 761, 763 (9th Cir. 1974), and *Rodriguez v. Ricketts*, 798 F.2d 1250, 1254 (9th Cir. 1986).

The Court thereafter granted summary judgment to the Respondent on Petitioner's second claim after finding that the record showed that Petitioner was, in fact, aware of the constitutional rights that he had waived when he entered his guilty plea and that his plea was knowing, intelligent, and voluntary. (Docket No. 52, p. 8.) The Court further determined that Petitioner's attempt to introduce evidence for the first time in this proceeding, in the form of his own affidavit, to demonstrate that he had been unaware of his constitutional trial rights, ran afoul of the prohibition on introducing new evidence in a federal habeas proceeding under 28 U.S.C. § 2254(e)(2).

The Court has carefully reviewed these decisions and has concluded that they are not reasonably debatable, and the Court will deny Petitioner's request for a certificate of appealability.

### III.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Request for Certificate of Appealability (Docket No. 54) is DENIED. Petitioner is advised that he may still request a COA from the Ninth Circuit Court of Appeals, pursuant to Federal

**ORDER RE: CERTIFICATE OF APPEALABILITY  - 3**

Rule of Appellate Procedure 22(b).

IT IS FURTHER ORDERED that the Clerk of Court shall forward a copy of this Order, Petitioner's Motion for Certificate of Appealability (Docket No. 54), and Petitioner's Notice of Appeal (Docket No. 57) to the Ninth Circuit Court of Appeals. If requested by the Ninth Circuit, the Clerk of Court shall forward a copy of the district court's file to the appellate court for its review.



DATED:  **January 17, 2006**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**ORDER RE: CERTIFICATE OF APPEALABILITY  - 4**